CHARLES CARROLL, Judge
(concurring specially).
I concur in the opinion and judgment of this court.
This case furnishes an example of a current tendency toward unending litigation of criminal cases after trial and conviction and affirmance on appeal, by continued applications initiated in the state and federal trial courts. The decisions of a trial court, and, when appealed, of the appellate court having jurisdiction for review, should bring such cases to an end, other than for matters for which relief properly may be sought later under Rule 1.850 Cr.P.R.
Litigants in civil cases are not permitted to retry decided cases. A continuous stream of applications to the court where tried, or to other trial courts, to relitigate a civil case in whole or in part, on some new theory or with the benefit of embellished evidence, would not individually receive serious and time-consuming consideration. Such applications by civil case litigants generally meet prompt and firm rejection, as deserved.
Successive applications in criminal cases (as in one case known to have spawned more than a score) for retrial of an issue in the trial court, or for reconsideration of matters concluded on appeal, not only place an unwarranted burden on the judiciary and on the office of the prosecutor or attorney general who must resist them, but they run counter to the principle, applied to other litigants, that the disposition of a case in the trial court (and on appeal, where appeal was invoked) should mark the end thereof.